UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLTON WILSON,

        Plaintiff,

v.                                                    Case No.:  2:26-cv-00222-SPC-DNF

MEDICAL DIRECTOR GILBERT
NOE, *et al.*,

        Defendants,

                                   /

## **OPINION AND ORDER**

Before the Court is Carlton Wilson's Complaint for Violations of Civil Rights (Doc. 1).  Wilson is a prisoner of the Florida Department of Corrections (FDOC), and he sues five FDOC officials under 42 U.S.C. § 1983.  Wilson is proceeding *in forma pauperis*, so the Court must review his complaint to determine if it is frivolous or malicious, seeks monetary damages against a party immune from such relief, or fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915(e)(2).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  That means the Court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The preferential standard of review, however, does not let all pleadings adorned with facts

survive to the next stage of litigation.  The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.

Wilson files his complaint under 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Wilson's claims arise from two slip-and-fall incidents.  He first fell and fractured his right hand on May 14, 2025.  Doctor Gilbert Noe treated the

injury by wrapping Wilson's hand. Noe removed the wrap the next day. Wilson was moved to a different cell, and his new cellmate had a low-bunk pass. On June 12, 2025, Wilson complained that he could not sleep on a top bunk with a swollen right wrist. Noe wrote Wilson a low-bunk pass six days later. Wilson fell in his new cell on June 21, 2025. He blames this fall on a plumbing leak. After the fall, Sgt. Warknock said, "I don't have time for this, tough up, you're a chomo gunner who love jacking off on the women, right?" (Doc. 1 at 6). Noe later said, "You have to stop your behavior." (*Id.*) Wilson provided clarification for these statements by attaching a slew of disciplinary reports describing incidents of him openly masturbating while staring at members of the prison staff.

Wilson sues Warknock and Noe under two theories. He asserts they were deliberately indifferent to a serious medical need because they did not adequately treat his hand injury, which resulted in a permanent injury. He also claims they failed to provide adequate care in retaliation for his reputation for public masturbation. Wilson sues the other three defendants over the plumbing leak that caused his second fall. They are FDOC secretary Ricky Dixon, inspector general Ken Sumpter, and an unnamed "Head of Water Maintenance" identified as John Doe.

A. <u>Deliberate Indifference to Serious Medical Need</u>

Prisoners have a right to medical treatment, and deliberate indifference to a prisoner's serious medical needs is a constitutional violation. *Christmas v. Nabors*, 76 F.4th 1320, 1335 (11th Cir. 2023). To state a claim for deliberate indifference, a detainee must allege (1) he had a medical need, (2) the defendants exhibited deliberate indifference to that need, and (3) the defendants' deliberate indifference caused the prisoner's injury. *Id.* at 1335.

Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). A difference in medical opinion does not constitute deliberate indifference. *Hernandez v. Sec'y Fla. Dep't of Corr.*, 611 F. App'x 582, 584 (11th Cir. 2015). Nor does the exercise of medical judgment by a care provider. *Id.* Medical treatment violates the constitution "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* In any event, even if a defendant actually knew of a substantial risk to a detainee's health or safety, he cannot be found liable for deliberate indifference "if he 'responded reasonably to that risk.'" *Wade*, 106 F.4th at 1262 (quoting *Farmer*, 511 U.S. 825, 844-45 (1994)).

Wilson does not plausible allege that Noe and Warknock were deliberately indifferent to his injury. Part of the problem is the jumbled nature of the complaint. It is difficult to tell what happened when. But the bigger problem is the conclusory nature of the allegations. Wilson repeatedly claims Noe and Warknock "failed" him but does not clearly state how. The only specific complaint Wilson states about the medical care he received is that Noe removed his wrapping too early. But that allegation reflects a difference of opinion about proper medical treatment, not deliberate indifference. Wilson does not state a claim for deliberate indifference to a serious medical need.

B. <u>Retaliation</u>

To succeed on a retaliation claim, a prisoner must prove three elements: "(1) his speech was constitutionally protected; (2) he suffered adverse action such that the official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Id.* (quoting *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011)). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008)).

The problem for Wilson is that his public masturbation was not protected expression. *See City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000) (noting that nudity, "in and of itself, is not entitled to First Amendment protection because it conveys no message"). Wilson does not state a claim for retaliation

## C. Conditions of Confinement

The Court construes Wilson's claim about the plumbing leak as a challenge to the conditions of his confinement. Although "the Constitution does not mandate comfortable prisons," prison officials must "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).

Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654

F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). An official cannot be found liable if he or she responded reasonably to a risk. *Id.*

Wilson does not establish the objective or subjective component. He does not allege facts suggesting the water leak created an unreasonable risk of serious damage to his health or safety. Nor does he allege that Dixon, Sumpter, or Doe knew of the risk posed by a leak before it caused Wilson to fall and recklessly ignored it.

What is more, common sense compels the Court to acknowledge that Dixon and Sumpter cannot know about each plumbing failure in FDOC facilities. Wilson must be attempting to hold them liable in their supervisory capacity. It is well established in the Eleventh Circuit "that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (internal quotation marks and citation omitted). To state claims against Dixon and Sumpter,

plausibly allege they personally participated in a violation of his constitutional rights.

Accordingly, it is

**ORDERED**:

Carlton Wilson's Complaint for Violations of Civil Rights (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim. Wilson may file an amended complaint within **21 days** of this Opinion and Order. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE AND ORDERED** in Fort Myers, Florida on February 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1